CÁNDIDA GUADALUPE, Plaintiff and Appellant, *v.* MICAELA GONZÁLEZ-CRUZ, Defendant and Appellee.

No. 3543. Argued April 29, 1925.—Decided August 1, 1925.

1. NATURAL CHILD—ACKNOWLEDGMENT—LIMITATION.—On the evidence with regard to the age of the plaintiff in this case it was held that the trial court erred in considering the action barred by limitation.
2. ID.—ID.—EVIDENCE. — Evidence that connects the putative father with his daughter continuously from her birth up to his death is sufficient to establish the birth, acknowledgment and uninterrupted enjoyment by her of the status of an acknowledged natural child.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment for the defendant in an action for acknowledgment. *Reversed.*

*Campillo & Campillo* for the appellant. *Jacinto Texidor* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Cándida Guadalupe brought this action on November 10, 1921, against Micaela González Cruz praying for a judgment that would legalize her status as the acknowledged natural child of Manuel Santa. Santa died on November 25, 1920, and on January 14, 1921, his widow, the defendant herein, was adjudged to be his sole and universal heir. The complaint alleges that Manuel Santa and Mariana Guadalupe sustained marital relations for more than five years since 1901 as a result of which the plaintiff was born in Río Piedras. It also sets out the facts necessary to show her acknowledgment by her father and her continuous enjoyment of the status of his acknowledged natural child.

The defendant answered and after a trial judgment against the plaintiff was rendered on February 23, 1924.

From the opinion delivered by the district judge we copy the following:

"At the trial both parties introduced documentary and oral evidence. Plaintiff's evidence consisted of the decision of this court adjudging the defendant to be the intestate heir of Manuel Santa without prejudice to a third party with a better right; a certificate from the official in charge of the civil register of Río Piedras stating that from an examination of the books of the register of births under his charge no record of the birth of Cándida Guadalupe, natural child of Mariana Guadalupe, appeared to have been made; another certificate issued by Rev. Aurelio Marrero stating that record of the baptism of a child named Cándida, said to have been born on January 3, 1901, was made in May of 1902 and that the child baptized was the natural child of Mariana Guadalupe. The defendant introduced a certificate issued by the Commissioner of Charity in charge of the civil register of Río Piedras containing a copy of the record of the marriage on October 25, 1919, before Baptist Minister Alfred Story of Cándida Guadalupe and Modesto Vidal, and in that document it is stated that Cándida Guadalupe was then twenty years of age.

"As regards the material fact of the plaintiff's age when this action was brought, in addition to the three documents mentioned we have the testimony of Mariana Guadalupe, the mother of Cándida, who said that she had lived with Santa twenty-three years, but without fixing the exact date when such relations began, nor could she explain how long she lived with Santa while he was single. Also Tomasa Peñalver testified that she acted as midwife when Mariana Guadalupe gave birth to a girl; that Santa engaged her and paid for her services; that the birth took place while Porto Rico was being ruled by the Spanish Government, but she did not indicate the exact date.

"In connection with the other essential averments of the complaint it was proved only that Santa had intimate relations with Mariana Guadalupe many years prior to his death (23 years according to Mariana); that he gave her some means of support; that he showed some love and protection to Mariana's child and at times called her his daughter; that the plaintiff visited the home of Santa's mother; that when the plaintiff was going to get mar-

ried Santa told Teodoro Pagán that he wished to build a house for his daughter.

"These facts alone are not sufficient to show satisfactorily the continuous possession of the status of natural child of the putative father under section 135 of the Spanish Civil Code in force when the child is alleged to have been born.

"On the other hand, the defendant alleges that according to section 137 of the Spanish Civil Code an action for the acknowledgment of a natural child can be brought only during the life of the putative parent, except in case of the death of the father or mother during the minority of the child, in which case the child may bring the action before the elapse of the first four years after having attained majority. As we have seen, the evidence on that point is contradictory, for although the certificate of baptism shows that she was born on January 3, 1901, and not in 1902, as the complaint says, it can not be considered as *prima facie* evidence of the birth. The plaintiff appears to have been twenty years of age on October 25, 1919, when she contracted marriage, a fact which according to the law she should have declared under oath in the petition for a marriage license.

"On the other hand, the midwife says that the child born when Manuel Santa engaged her services came into the world when the Spanish Government was still ruling the Island, that is, in or before the year 1898, and in view of that contradiction we must reach the conclusion that the plaintiff has not proved her age. And we must not forget that when she was married her father was still living and that if on that date, October 25, 1919, she was a minor, she became emancipated and, according to section 310 of the Civil Code in force, as such emancipated minor she could then appear before the district courts and assert her rights in all cases with the sole limitation expressed in the second paragraph of section 309.

"Therefore, the plaintiff could have maintained the action that she is now prosecuting while her father was living. She did not do so until November of 1921 when her action had been barred by limitation."

The plaintiff appealed and in her brief assigns five errors which involve these two questions: Is the action barred by limitation? If not, did the plaintiff prove that she is the acknowledged natural child of Manuel Santa and unterruptedly enjoyed that status?

[1] Let us examine the first question. The best evidence of the plaintiff's age could not be produced because her birth was not recorded in the civil register. The record of her baptism was introduced. The priest set out therein that the plaintiff was born on January 3, 1901, and baptized on May 4, 1902. The mother testified that her daughter was born in 1901. Tomasa Peña, the midwife, testified in such a way that it is difficult to take her testimony as a basis for reaching an exact conclusion. She said that the birth would date 21 years from the date of the trial, and later that it took place during the Spanish sovereignty. Subsequently she said that she did not remember whether the Spanish or American Government was ruling the Island at the time of the San Ciriaco hurricane and that she believed that the Americans were here some 12 or 13 years prior to the date of the trial. The defendant introduced in evidence the certificate of the marriage of the plaintiff in October of 1919 wherein her age is fixed at twenty years.

In our opinion the testimony of the midwife in connection with the plaintiff's age should be entirely ignored. No exact conclusion can be based on testimony so contradictory in itself. The certificate of marriage contains only what is stated by the minister. It is to be presumed that the data were taken from the information given by herself. Admitting this to be true, the age of the plaintiff would have to be fixed at 22 years at the date of the filing of the complaint. According to the testimony of her mother and what was set out by the minister in the record of her baptism, the plaintiff would not have arrived at the age of twenty-one years when her action was brought. The testimony of the mother perhaps may be deemed interested, but not what was certified by the priest. The child was taken before him on May 4, 1902. There seems to be no doubt about this, and since then,. when no cause for interest existed, the opinion of an intelligent man, based on personal observation and logically on information given by persons who could fur-

nish it, was given that the plaintiff was a year and some
months old. In the last analysis of the evidence it seems
just to give the greater credit to the data contained in the
certificate of baptism. This being so, the plaintiff not hav-
ing arrived at majority at the time of filing her complaint,
the action was not barred by limitation.

But even giving entire credit to the marriage certificate,
and not only to it but also to the testimony of the midwife
in all that is most unfavorable to the plaintiff, it would
have to be admitted that the plaintiff was born about the
year 1898 and that when she filed her complaint she was
from 23 to 25 years of age and when the amendment of
1911 to section 194 of the Civil Code took effect she was
from 13 to 15 years of age. Therefore, the law applicable
according to the fourth of the Transitory Dispositions of
the Civil Code would be section 194 of the said Code, as
amended in 1911, and as by that amendment it is established
that an action for acknowledgment can be brought during
the life of the putative parents, *or one year after their
death,* and as a year after the death of the putative father
had not elapsed when the action was brought in this case,
the trial court erred in holding that the action was barred.

[2] The question of limitation having been disposed of,
there is left only a question of evidence. The law that
should be applied is section 135 of the old Civil Code. We
have quoted the opinion of the trial court. After a careful
study of the evidence we are of the opinion that the court
also erred in weighing it. The evidence goes beyond what
the district court says. It connects the father with his
daughter continuously from her birth until his death and
there is testimony of great importance to which the said
court did not give sufficient weight. We refer to the testi-
mony of Teodoro Pagán who said that shortly before San-
ta's death he commissioned the witness, in the presence of
his own wife, the defendant, to purchase a lot on which to
build a small house for his daughter, the plaintiff. It fur-

ther appears that when the plaintiff was about to contract marriage the prospective bridegroom talked to Santa who referred to him as his son-in-law. The evidence is also clear in respect to the fact that the plaintiff was received since she was a child by Santa's mother as his daughter and as such treated and esteemed.

The birth, the acknowledgment and the uninterrupted enjoyment of the status of acknowledged natural daughter was thus sufficiently proved.

The judgment appealed from should be reversed and substituted by another sustaining the complaint, without special imposition of costs.

Justices Wolf and Aldrey dissented.